OPINION of the Court, by
Judge Clark.
This was an action of debt, brought by the justices of the Bourbon county court, for the use of the heirs of Samuel Robinett, deceased, against Joseph Jackson, ad - ministrator of said deceased, and his securities on the administration bond. The declaration avers there remained in the hands of the said Joseph Jackson, as administrator, after payment «f the debts of the decease'd Robinett, the sum of two thousand dollars ; and assigns the breach in not paying the same to the heirs of the said Samuel Robinett, deceased. On the trial a verdict was given for the plaintiffs in the court below, for the sum of 708 dollars 48 cents, upon which judgment was awarded ; to reverse which the defendants below prosecute this writ of error.
In the consideration of this cause two questions occur — 1st, Can an action at law be maintained, in the first instance, in favor of distributees, for their distributable part of an intestate’s estate, against an administrator and his securities on the administration bond? And 2d, If such action can be maintained, ought it to be a joint or several one ?
The most usual and customary mode of compelling distribution, is by resorting to a court of chancery i *293 ■where, from the nature of proceeding, the chancellor, through the agency of commissioners, is enabled frequently to effect a more correct distribution of the estate than can be obtained at law. ij>n it our st.respecting wills, the distribution ofli.u state esr.u -, w>( the duty of executors and administumr'.. h is , an action in favor of distributees against the a mi-. • n >tor and his securities, on their bond, hr such put- v if the estate as by law are liable to disirdnin.i.y «■ r,, ; fir: ail considerations arising from hardship and inconvenience. Tiie statute last mentioned makes it the dmv of every administrator, before obtaining a certificate of administration, to give bond with security, in a penal at least equal to the value of the estate to be administered ; one of the conditions of which bond is, that lie “shall make a just and true account of his actings and doings therein, when thereto required by the court, and all the rest of the said goods, chattels and credits which shall be found remaining upon the account of the said administrator, the same being first examined and allowed by the justices of the said court for the time being, shall deliver and pay unto such persons respectively as are entitled to the same by law.” An action is given, to any person injured by a breach of the conditions of this bond. A statute which creates a duty, and for a violation @f it gives an action to any person aggrieved, must be taken to be an action at law, and not in chancery, That part of the statute which relates to. a distribution of the estate, admits of but one construction. At the expiradon of nine months, the administrator (if the debts oí the deceased have been paid) is required to pay over the balance to such .persons respectively as are entitled to distribution. Who the.se are, and the proportions they are. severally entitled to receive, can be determined by the county court, who are vested with competent powers for that purpose. It becomes the duty of the administrator, upon being certified of these facts, and security tendered as the statute directs, to pay to each distributee his proportion : a failure to do this is an injury, for which an action may be maintained on his bond.
It only remains to bé considered whether this action should be joint or several. The general rule is, that parties whose interests are separate, cannot unite in the *294 same action. The interest of the.individuals ior whose benefit this suit was brought, was separate and uncon-nested : though the instrument upon which the suit was brought is the same under which they all found their right of action, yet the proportions each may be entitled to recover may be different, as where some claim per capita, and others per stirpes. Indeed the provisions of the act require the administrator to pay l. > t ach one his proportion respectively : his refusal is ,ui individual, and n®ta joint injury.
j udgm.ent reversed, and cause reminded, v, uh c.rdc? ⅜ to dismiss the suit, ike.